# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-438 |
| | ) |
| $59,980.00 in U.S. Currency | ) |
| | ) |
|     Defendant, | ) |
| | ) |
| Herbert Wong, | ) |
| | ) |
|     Movant. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss and Motion for Summary Judgment, filed by Herbert Wong on December 29, 2017. (DE #5.) For the reasons set forth below, the motion is **DENIED.**

BACKGROUND

The United States of America filed a Verified Complaint in Rem ("Complaint") to forfeit and condemn $59,980.00 in U.S. currency ("Currency") seized at a Federal Express location in South Bend, Indiana, on or about May 1, 2017, pursuant to 21 U.S.C. § 881(a)(6). Herbert Wong ("Wong"), proceeding *pro se*, filed the instant motion to dismiss and motion for summary judgment, asserting that the Complaint fails to state a viable claim as a

1

matter of law.[1]  The government filed a response to the motion on January 9, 2018.  The motion is now ripe for review.

DISCUSSION

Factual Allegations

The Verified Complaint in Rem ("Complaint") alleges the following facts:

On May 1, 2017, law enforcement officers received a call from an employee at Federal Express in South Bend, Indiana, concerning a suspicious package addressed to an individual in California. (DE #1, ¶7.)  The employee stated that the man who delivered the package seemed nervous, and she detected the odor of marijuana. (*Id.*)  Law enforcement officers arrived at the FedEx facility and observed the package was completely sealed with tape.  (*Id.*)  The package was placed on the floor with three other similarly sized packages.  (*Id.*)  A drug detecting canine alerted only to the suspicious package.  (*Id.*)  A law enforcement officer then called the sender of the package.· (*Id.* ¶8.)  The officer identified himself and explained that the canine had alerted to the package. (*Id.*)  The officer asked the sender what was in the package to which he replied a board game called "Stow and Go" which he was sending to a friend in California.  (*Id.*)  The officer believed

---

[1] Wong makes the same arguments in support of dismissal under Rule 12(b)(6) and summary judgment, and fails to comply with local rules regarding motions for summary judgment.  *See* N.D. Ind. L.R. 7-1, 56-1.  As such, the Court will consider his motion to be one for dismissal under Rule 12(b)(6).

this to be suspicious as the package weighed around 7 or 8 pounds. (*Id*.) The officer sought more information from the sender who refused to provide any more. (*Id*.) A state search warrant was obtained to search the package. (*Id*. ¶9.) Upon opening the package, officers found another wrapped small box labeled "Stow and Go" in which they found four vacuum-sealed packages containing the Currency. (*Id*.) The sender of the Currency had been under investigation for illegal drug activity prior to the date of the seizure. (*Id*. ¶10.)

While the Complaint does not identify the sender or intended recipient of the package by name, the government mailed a copy of the Direct Notice of Judicial Forfeiture Proceedings, the Complaint, and the Warrant of Arrest in Rem to the "Addressee's" of the package: Leon Miller of South Bend, Indiana, and Herbert Wong of San Gabriel, California. (DE #4.)

Standard of Review

Civil asset forfeiture cases are governed by the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). 18 U.S.C. § 983(a)(4)(A); *see also* Fed. R. Civ. P. Supp. R. A(1)(B) (the "Supplemental Rules apply to . . . forfeiture actions in rem arising from a federal statute"). Supplemental Rule G(8)(b)(i) states that "[a] claimant who establishes standing to contest

3

forfeiture may move to dismiss the action under Rule 12(b)."[2]  Fed. R. Civ. P. Supp. R. G(8)(b)(i).  Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)).  All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor.  *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008).  The sufficiency of the complaint is governed by Supplemental Rule G(2), which provides that a complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  Fed. R. Civ. P. Supp. R. G(2)(f); *see* Fed. R. Civ. P. Supp. R. G(8)(b)(ii).  "[T]he burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture."  18

---

[2] Wong maintains that he filed a Verified Claim Statement on August 23, 2017. (DE #5 at 3.)  While the record does not reflect the August 23, 2017 Verified Claim Statement, Wong's motion includes a signed Verified Claim Statement asserting he is the rightful property owner of the Currency.  (*Id.* at 3-4.) The government does not object or otherwise argue that Wong lacks standing to contest this forfeiture, and therefore, the Court will consider Wong to be a claimant.

4

U.S.C. § 983(c)(1). Where "the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

Analysis

Wong contends that the forfeiture action should be dismissed because the Complaint fails to allege his knowledge and intent as required under 21 U.S.C. § 881(a)(6). Section 881(a)(6) provides that "[a]ll moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance . . . , all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter" shall be subject to forfeiture. 21 U.S.C. § 881(a)(6). Considering the totality of the circumstances, and presuming the Complaint allegations to be true, the Court finds that the government's allegations are sufficient to support a reasonable belief that the Currency was proceeds traceable to the knowing and intentional exchange for controlled substances. The Complaint alleges that the Currency "constitutes money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act." (DE #1, ¶6.) It further alleges that a Federal Express employee alerted law

enforcement officers to the suspicious package; a drug detecting canine alerted only to that package; when an officer called the sender of the package, he indicated that it contained a board game; the officer found this answer to be suspicious because the package weighed around 7 or 8 pounds; in response to the officer's further inquiries, the sender refused to provide more information; after obtaining a search warrant, officers opened the package and found another wrapped small box in which they found four sealed packages containing the $59,980 in U.S. currency; and the sender of the Currency had been under investigation for illegal drug activity prior to the date of the seizure. When viewed in the aggregate, the Complaint states sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden proof at trial. *See United States v. $335,260.00 in U.S. Currency*, No. 1:09-CV-2929, 2010 WL 1416919, at *2 (N.D. Ohio Apr. 6, 2010) (finding that allegations of a large quantity of currency packed in the claimant's suitcase, his untruthful statement that his luggage did not contain currency, and the dog's alert to the presence of drugs satisfied Supplemental Rule G); *United States v. Funds in Amount of One Hundred Thirty-One Thousand Five Hundred Dollars, ($131,500.00) in U.S. Currency,* No. 08 C 1377, 2008 WL 3823698, at *3 (N.D. Ill. Aug. 12, 2008) (allegations regarding the positive dog sniff, large amount of currency claimant was carrying, his arguably questionable explanation for why he had the

currency, and other alleged facts, satisfied Supplemental Rule G).

Wong asserts that the drug detecting dog's positive reaction to the presence of a controlled substance is insufficient as a matter of law to believe the money is linked to a narcotics transaction. "A positive dog sniff, however, is entitled to probative weight in this Circuit." *U.S. v.$20,000.00 in U.S. Currency*, No. 2:14-CV-357-PRC, 2014 WL 6669676, at *3 (N.D. Ind. Nov. 24, 2014) (citing *United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 460 (7th Cir. 2005)). While it remains to be seen what the evidentiary record ultimately will establish in this case, as the law stands in this Circuit, "allegations regarding the results of a positive dog sniff, at least in combination with other evidence, are not deficient as a matter of law to establish the government's burden in a forfeiture case." *Funds in Amount of One Hundred Thirty-One Thousand Five Hundred Dollars,* 2008 WL 3823698, at *3.

Wong contends that no drugs or paraphernalia were found in the seized package, and that the Currency was the proceeds from his sale of certain jewelry to Leon Miller. These challenges go to whether the government will ultimately be able to establish the requisite connection between the Currency and drug trafficking. They do not address the sufficiency of the complaint. Moreover, "the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the

evidence, that property is subject to forfeiture." 18 U.S.C. § 983(c)(2). "No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D). Because the allegations pleaded in the Complaint are sufficient, dismissal at this stage in the litigation would be premature.

CONCLUSION

For the reasons set forth above, Herbert Wong's Rule 12(b)(6) Motion to Dismiss and Motion for Summary Judgment (DE #5) is **DENIED**.

**DATED: May 2, 2018**                    /s/ RUDY LOZANO, Judge
                                          **United States District Court**